NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **DEREEN A. WOFFORD,** | : | Civil Action No. 17-3149 (JMV) |
| Plaintiff, | : | |
| v. | : | **OPINION APPLIES TO ALL ACTIONS** |
| **PATERSON POLICE DEP'T,** *et al.,* | : | |
| Defendants | : | |

| | | |
|---|---|---|
| **DEREEN A. WOFFORD,** | : | Civil Action No. 17-4046 (JMV) |
| Plaintiff, | : | |
| v. | : | |
| **JONATHON K. BUSTIOS,** *et al.,* | : | |
| Defendants | : | |

| | | |
|---|---|---|
| **DEREEN A. WOFFORD,** | : | Civil Action No. 17-6360 (JMV) |
| Plaintiff, | : | |
| v. | : | |
| **JOHN DOE PASSAIC COUNTY OFFICERS,** | : | |
| Defendants. | : | |

Plaintiff Dereen A. Wofford, an inmate confined in Passaic County Jail in Paterson, New Jersey, recently filed three civil rights actions in this Court. This Court first addressed Civil Action No. 17-4046 (JMV) by granting Plaintiff's application to proceed *in forma pauperis* under 28

U.S.C. § 1915, and directing service on Defendants Jonathon K. Bustios, John Farfan, Frank Torledo, Alexis Torres, and Matthew Torres. *Wofford v. Bustios*, Civ. Action No. 17-4046(JMV) (D.N.J. June 12, 2017 (ECF No. 3)) ("Action 4046.") In Action 4046, Plaintiff alleged that on December 30, 2016,[1] the defendants responded to a domestic dispute at his ex-girlfriend's house. (Action No. 4046, ECF No. 1 at 4.) Specifically, Plaintiff alleged Officer Matthew Torres punched, kicked and handcuffed Plaintiff, and Officer Jonathon Bustios shot Plaintiff three times while he was handcuffed and lying face down on the floor. (*Id.*) The other defendant officers were at the scene but did not enter the apartment. (*Id.*) For relief, Plaintiff seeks immediate release from jail and money damages. (*Id.* at 5.)

On August 1, 2017, Petitioner submitted a letter to the Court in Action 4046. (Id., ECF No. 6.) In that letter, Petitioner alleged his life was in grave danger because officers working in the Passaic County Jail had threatened him. (*Id.*) Plaintiff asked to be placed in federal protection. (*Id.*) The Court construed Plaintiff's letter as raising potential new claims against officers at the Passaic County Jail, separate and apart from his civil action against the Paterson Police Department Officers who were involved in his arrest. (Action No. 4046, ECF Nos. 8, 9.) Thus, the Court directed the Clerk of the Court to open a new civil action in which to file Plaintiff's letter, which led to the creation of *Wofford v. John Doe Passaic County Officers*, Civil Action No. 17-6360 (JMV) ("Action 6360.") The Court directed Plaintiff to file an Amended Complaint in the new action within 30 days, in order to clarify his claims against John Doe Passaic County Officers. (*Id.*) The Court also informed Plaintiff that if he chose to proceed in the new action, he would incur a separate filing fee for that action. (Action 4046, ECF No. 8 at 2.)

---

[1] At various times, Plaintiff has referred to his arrest occurring on December 30, 2016 or December 31, 2016.

2

Then, on August 15, 2017, in Action 4046, the Court received a letter from Plaintiff stating he could prove a "city wide mass corruption case between Paterson Police Department and Passaic Count[y] Prosecutor Office[]" who are conspiring to cover up the wrongful shooting by Officer Bustios. (ECF No. 10 at 2.) Plaintiff asked the Court to start a federal investigation. (*Id.*)

The Court received another letter from Plaintiff in Action 4046 on August 28, 2017. (ECF No. 11.) Plaintiff repeated that his life was in danger at the Passaic County Sheriff's Department, because a family member of Officer [Bustios], whom Plaintiff sued for shooting him during his arrest, works in the housing unit where Plaintiff is detained. (*Id.* at 1.) Plaintiff asserted "Judge Scott Bennig issued a (NVC)[2] as to family member friends of the officers involved in this incident yet the jail does not Honor the court order." (*Id.*) Plaintiff states, however, that his most important complaint is that he has proof of his innocence. (*Id.*)

Now before the Court is Civil Action No. 17-3149(JMV), which Plaintiff filed on May 4, 2017, seeking to proceed *in forma pauperis*. ("Action 3149") (ECF No. 1.) Plaintiff's IFP application establishes his financial eligibility to proceed under 28 U.S.C. § 1915, and it is granted. (ECF No. 1-1.) Pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), the Court must now screen the complaint.

I. COMPLAINT

Plaintiff alleges the following facts, accepted as true for purposes of screening the Complaint. On December 31, 2016, Defendants J.B. and J.F., detectives with the Paterson Police Department, together with Passaic County Sheriff Department's Special Response Team Officers, identified as "A.T.," "F.T." "M.T," and Det. D. Posada, shot Plaintiff in his home, while he was

---

[2] The Court assumes Plaintiff is asserting that Judge Bennig issued an order prohibiting family members or friends of Paterson Police Department Officer Jonathon K. Bustios from having contact with Plaintiff.

3

handcuffed and on the ground. (ECF No. 1, ¶4.) The officers were responding to a "Domestic D.V. Reports of a weapon" when they arrived at Plaintiff's apartment in Paterson, New Jersey. (*Id.*, ¶6.) The officers broke down the door to gain entrance, alleging they heard a shot fired. (*Id.*) Plaintiff was "brought to the floor," punched, kicked and handcuffed. (*Id.*) He was then shot three times while lying face down on the floor. (*Id.*) On April 14, 2017, in Passaic County Jail, Plaintiff requested a field interview with "I.A." (*Id.*, ¶5.) He was told that "they" have no knowledge of the incident. (*Id.*) For relief, Plaintiff requested that (1) this Court bring criminal charges against the officers; (2) Passaic County Sheriff's Department pay for his medical and legal expenses; and (3) all criminal charges against Plaintiff be vacated. (*Id.,* ¶¶6-7.)

On May 26, 2017, the Court received a letter from Plaintiff, which was docketed in Action 3149. (ECF No. 2.) Plaintiff asserted he could prove his innocence of the crimes based on the discovery he received from the Passaic County Prosecutor's Office. (*Id.*) Specifically, Plaintiff alleged "a law official lied under oath, and tamperd [sic] with Government evidence. . ." (*Id.*) Plaintiff requested that the Court "send help in a federal probe investigation of local city officials who have operated above the law of government in which they have violated constitutional rights, broke criminal and civil laws and committed Federal Crimes . . ." (*Id.*)

On July 12, 2017, in Action 3149, Plaintiff filed a self-styled "Notice of Motion for Violation N.J.S.A. 2C:28-6 tampering with or fabricating physical evidence," which was addressed to "Hon. Sohail Mohammed J.S.C., Passaic County Courthouse, 77 Hamilton Street, Paterson, New Jersey, 07505" and "Edward Wingern III CDM, Criminal Division Office, 77 Hamilton Street, 2nd Fl, Paterson, New Jersey, 07505." (ECF No. 3.)

II. DISCUSSION

A. *Sua Sponte* Dismissal

Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), district courts must review complaints filed by prisoners in civil actions and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint[.]" *Id.* Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108 (3d Cir. 2002).

B. <u>Duplicative Complaints</u>

In Action 4046, the Court granted Plaintiff's IFP application and permitted Plaintiff's Complaint, regarding his arrest on December 31, 2016, to proceed against Police Officers Jonathon K. Bustios, John Farfan, Frank Torledo, Alexis Torres, and Matthew Torres. Plaintiff's claims against Defendants J.B. and J.F. A.T., F.T., M.T in this action are duplicative of those in Action

4046. (ECF No. 1, ¶4.) Thus, the Court dismisses this action as duplicative of Action 4046, which has already proceeded for issuance of the summonses. *See Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015) ("[T]he court must insure that the plaintiff does not use the incorrect procedure of filing duplicative complaints for the purpose of circumventing the rules pertaining to the amendment of complaints, Fed.R.Civ.P. 15") (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir. 1977)). The Court acknowledges that Plaintiff included an additional defendant in this Action who was not included in Action 4046, Det. D. Posada. If Plaintiff wishes to assert a claim against Detective Posada based on the events occurring during Plaintiff's arrest on December 31, 2016, the proper procedure is for Plaintiff to file an Amended Complaint in Action 4046, in compliance with Federal Rule of Civil Procedure 15.

  C. <u>Plaintiff's Letter Filed On May 26, 2017 in this Action</u>

Plaintiff asks this Court to initiate a federal investigation into his charges of conspiracy and corruption of local officials involved in his State Court criminal proceedings. Federal Courts do not have authority to initiate criminal investigations. *See, e.g.*, *Williams ex rel. Faison v. U.S. Penitentiary Lewisburg*, 377 F. App'x. 255, 256 (3d Cir. 2010) (per curiam) ("Because Williams requested only criminal prosecution of those allegedly responsible for her brother's death, her claims are not cognizable."); *see also, e.g., United States v. Nixon*, 418 U.S. 683, 693 (1974) ("[T]he Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case[.]") (citations omitted). If Plaintiff wishes to bring a *civil* constitutional claim against local officials, he must do so by filing a properly-pled complaint. If Plaintiff chooses to

do so, he may file an amended complaint[3] in this action, Action No. 3149, naming as defendants those personally involved in the alleged conspiracy.

        D.        <u>Plaintiff's Motion for Violation of N.J.S.A. 2C:28-6</u>

N.J.S.A. 2C:28-6, tampering with or fabricating physical evidence, is a New Jersey State criminal law. An individual who alleges he is a victim of a criminal act "do[es] not have a constitutional right to the prosecution of alleged criminals." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009). If Plaintiff wishes to bring a *civil* constitutional claim based on an allegation of tampering with or fabricating evidence in his State criminal proceeding, he may file an Amended Complaint in this action, Action 3149, naming as the defendants those who tampered with or fabricated evidence, and alleging plausible facts in support of such a claim. The Court will not accept letters as pleadings or amendments to pleadings, Plaintiff must file a proper amended complaint.

        E.        <u>Plaintiff's Allegations that His Life is in Danger</u>

After this Court directed Plaintiff to file an amended complaint in a new civil action against the John Doe Passaic County Officers whom he alleges threatened his life, Plaintiff has continued to submit letters regarding this issue in Action No. 4046. Plaintiff should, if he so chooses, file his amended complaint against the John Doe Passaic County Officers in Action 6360. The Court will not respond to letters requesting relief. Plaintiff must initiate a civil action against each defendant from whom he seeks relief, and any relief requested in that action must be set forth in the complaint or amended complaint. If Plaintiff also seeks the Court to take other action in the

---

[3] In this Opinion, the Court references Plaintiff's option to file an amended complaint. To be clear, the Court is *not* ruling that any amended complaint will be proper and permissible. Instead, if Plaintiff chooses to file an amended complaint, it will also be screened and a determination made at that time as to whether the amended complaint can proceed.

7

case, then he must file an appropriate motion. The Court further notes that Plaintiff has not pled who threatened him, what threat was made, or why he fears the threat might be acted upon. Plaintiff submits that Judge Bennig has issued an NVC order but it is not being honored. Plaintiff does not explain why he has not sought, or is not able to seek, relief in the court that issued the NVC order. As a general rule, if a judge's order is not being followed, then the matter should be presented to that judge in the first instance. Once Plaintiff files an amended complaint in Action No. 6360, he may seek preliminary injunctive relief, if appropriate.[4]

F. <u>Plaintiff Must Submit His Filings in the Proper Civil Actions in this Court</u>

Action No. 4046 is Plaintiff's civil rights action against the officers involved in his arrest on December 31, 2016. Action No. 6360 is reserved for Plaintiff to file an Amended Complaint, if he chooses to do so, raising his claims against John Doe Passaic County Officers related to his pretrial detention. This action, No. 3149, is reserved for Plaintiff to file an Amended Complaint, if he chooses to do so, alleging constitutional violations based on allegations of conspiracy, fabrication and tampering of evidence related to his State criminal proceedings. Each pleading or motion Plaintiff submits to this Court must indicate in which Civil Action it should be docketed.

III. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's IFP application and dismiss this action without prejudice, as duplicative of Civil Action No. 17-4046(JMV). This action is reserved for Plaintiff to file an Amended Complaint alleging constitutional violations based on

---

[4] Preliminary injunctive relief is an extraordinary remedy and rarely granted. To prevail, Plaintiff will have to prove his likelihood of success on the merits, irreparable harm, the relief sought does not cause more harm to the defendants than to Plaintiff, and the public interest supports the relief.

allegations of conspiracy, fabrication and tampering of evidence related to his State criminal proceedings.

An appropriate order follows.

Date: September 13, 2017
At Newark, New Jersey

                                                 <u>s/ John Michael Vazquez</u>
                                                 JOHN MICHAEL VAZQUEZ
                                                 United States District Court